UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY V. HOWELL #105034,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00134 |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **CORRECT CARE SOLUTION, et al.,** | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION AND ORDER

Timothy V. Howell, a pretrial detainee in the custody of the Davidson County Sheriff's Office, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), along with an application to proceed in district court without prepaying fees and costs. (Doc No. 2.) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month

period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Davidson County Sheriff to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

### B.     Initial Review of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that for a period of about three weeks in late February and early March 2018, he was medicated and taken to a hospital for testing for a hernia that he never had. (Doc. No. 1 at 5.) After a dispute with a hospital physician about whether he had a hernia as apparently reflected on records bearing his name and date of birth, Plaintiff returned to jail, where he saw a specialist and underwent "an inspection that was degrading to say the least," which led to the discovery that "they had the wrong person." (Id. at 6.) Plaintiff alleges that he has been refused access to his medical records, but that he has been told that the doctor who ordered hernia treatment "did not even work for Correct Care Solution." He claims that "[i]t is Sheriff Darren Hall's place to hire competent staff [and] it's also CCS's place to hire qualified personnel Drs and Nurses." (Id.) He sues Correct Care Solution and Sheriff Hall and seeks nominal, compensatory, and punitive damages totaling $7.5 million from each Defendant. (Id. at 7.)

It is well established that "deliberate indifference to the serious medical needs of prisoners" amounts to "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Ruiz v. Martin, 72 F. App'x 271, 275 (6th Cir. 2003). But mere claims of negligent treatment or medical malpractice do not amount to deliberate

3

indifference. Estelle, 429 U.S. at 106. Plaintiff does not allege that he had any serious medical need that went untreated, but rather that he received unnecessary treatment due to some mistake or confusion with his records in jail. He does not allege that he suffered any harm as the result of that unnecessary treatment, or that jail staff consciously disregarded his needs. To the contrary, they were clearly motivated to address the needs they mistakenly believed he had. Plaintiff's allegations at best make out a case for negligence, which is not actionable under Section 1983.

Moreover, even if Plaintiff had otherwise stated a claim, this action would have to be dismissed for failure to establish the liability of the named Defendants. Although a private corporation that performs a traditional state function acts under the color of state law for purposes of Section 1983, it cannot be found liable solely on the basis of *respondeat superior*. Thomas v. Coble, 55 F. App'x 748, 748–49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. Id. at 749 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); see also Street v. Corr. Corp. of Am., 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff has not alleged that whoever was responsible for the confusion about his condition was even employed by Correct Care Solution, much less that any of the facts in his complaint arose from any Correct Care Solution policy or custom. He therefore fails to state any claim against Correct Care Solution.

Similarly, a local government like the Metropolitan Government of Nashville-Davidson County is not liable under Section 1983 unless the alleged violation occurs pursuant to the government's policy or custom. Monell, 436 U.S. at 694, 692. Plaintiff sues Sheriff Hall solely in his official capacity (Doc. No. 1 at 2), but for purposes of Section 1983 liability, "individuals sued in their official capacities stand in the shoes of the entity they represent." Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003). Accordingly, when county employees like a sheriff are sued in their

official capacities, "the real party in interest" is the county government. Jackson v. Gill, 70 F. App'x 249, 250 (6th Cir. 2003). Because Plaintiff does not allege any Metro policy or custom caused his erroneous medical treatment, he does not state a claim under Section 1983 against the sheriff in his official capacity or Metro itself. See id. at 250–51 (explaining that jail inmate "could not state a claim against the county because he did not allege that the denial of medical attention he experienced was due to a county policy or tolerance of a custom of such denials") (citing Doe v. Claiborne County, Tenn., 103 F.3d 495, 508–09 (6th Cir. 1996)).

    **C.**    **Conclusion**

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE